## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DR. MONA El-HASHIMY,

       *Plaintiff,*

  vs.

METROPOLITAN LIFE INSURANCE
COMPANY, NOVARTIS CORPORATION,
AND NOVARTIS CORPORATION
WELFARE BENEFITS PLAN,

       *Defendants.*

CIVIL ACTION NO.:

**COMPLAINT**

    **COMES NOW** the Plaintiff, Dr. Mona El-Hashimy ("El-Hashimy"), by and through her undersigned counsel, and hereby sues the Defendants, Metropolitan Life Insurance Company ("MetLife"), Novartis Corporation ("Novartis"), and Novartis Corporation Welfare Benefits Plan (the "Plan"), and states:

### NATURE OF THE ACTION, PARTIES, JURISDICTION, AND VENUE

    1.    This is an action arising under the laws of the United States, specifically the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1000-1461 ("ERISA"), for MetLife's wrongful denial of short-term disability insurance benefits (under the Plan, sponsored by Novartis) to which El-Hashimy is entitled and for Defendants' administrative failures.

    2.    El-Hashimy was, at all material times, a citizen and resident of Holmdel, New Jersey, and is *sui juris* in all respects.

    3.    Upon information and belief, MetLife was, at all material times, an insurance company incorporated in (and / or with principal place of business in) the State of New York and engaged in the business of, for example, selling disability insurance, deciding disability insurance claims, and paying (or not, as here) disability insurance claims throughout the country.  Upon

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 201, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

information and belief, MetLife was / is claim administrator, a Plan administrator (directly or *de facto*), and a payor (in whole or in part) under the Plan.

4.      Upon information and belief, Novartis was, at all material times, a company incorporated in (and / or with principal place of business in) the State of New Jersey with business operations in New Jersey.  Upon information and belief, Novartis was / is a Plan administrator, sponsor under the Plan, and a payor (in whole or in part) under the Plan.

5.      This Court possesses original jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

6.      Venue is proper in the District Court of New Jersey pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b), since this judicial district is where El-Hashimy resides, since various events or omissions which give rise to and / or underlie this suit occurred within this judicial district, since one Defendant (Novartis) is also situated in this judicial district, and since all Defendants do business in this judicial district.

7.      The insurance "contract" (the Plan, plan number 540) that MetLife provided to and Novartis sponsored for El-Hashimy is attached hereto as Exhibit A (the "Policy") and does not prescribe a different jurisdiction or venue within which to commence litigation; *i.e.*, does not contain a forum selection provision, choice of law provision, or the like.

8.      All conditions precedent to the institution of this action (*e.g.*, administrative appeal of claim denial) have occurred, been performed, been waived, or would be futile.

**COMMON ALLEGATIONS**

9.      El-Hashimy was a Global Medical Lead for Novartis for a little over seven years leading up to the July 2016 short-term disability onset.  After her work absence resulting from the

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 201, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

short-term disability, El-Hashimy returned to Novartis and remains a Global Medical Lead through present.

10.     This profession requires, among other things, clear mental and / or unhindered physical function.

11.     For several months following the onset of El-Hashimy's short-term disability in July 2016, she had diminished mental function due to cognitive and / or psychological ailments and medications aimed at helping her somewhat, but certainly not entirely, cope with same. Somewhat related to her cognitive and / or psychological ailments, though not entirely, El-Hashimy's short-term disability also consisted of physical ailments and related medications. All such ailments and medications were more than adequately detailed in the medical records that Defendants possessed and / or had access to during the claim and appeal processes.

12.     As also detailed in the subject medical records (*e.g.*, reports / testimonials / forms completed by El-Hashimy's treating medical professionals) and also El-Hashimy's claim and appeal submissions to Defendants, El-Hashimy's diminished mental and physical states significantly compromised her occupational capacities.

13.     Moreover, MetLife's conduct with El-Hashimy during her disability exacerbated her conditions. For example, El-Hashimy's stress and anxiety levels increased quite a bit as a result of MetLife's claim and / or appeal investigation apathy. More specifically (but still as an example), MetLife wrongly pressured El-Hashimy into coordinating (in whole or in part) assembly and production of medical records when that kind of claim investigation is part of what the premium pays MetLife to do and when, at that time, that addition to El-Hashimy's task / burden plate was not at all easy (to put it mildly) for El-Hashimy to tolerate.

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 201, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

T1854624.DOCX;1                                    3

14.     El-Hashimy followed her doctors' orders in an effort to get better and, among other things, return to work.  And thankfully, after several months away from work due to her short-term disability, El-Hashimy was able to return to work at Novartis.

15.     More specifically pertaining to the ultimate claim decision, by letter dated January 31, 2017, MetLife cemented claim denial on final appeal.

16.     The Policy was in full force and effect on the date of El-Hashimy's disability onset.

17.     The Policy provides, in pertinent part, as follows:  "To qualify for short-term disability benefits, your absence must last more than **seven calendar days** of continuous disability for a non-occupational injury or illness … ."  Ex. A at 7 (emphasis in original).

18.     The Policy further provides, in pertinent part, as follows:  "In addition, to qualify for short-term disability benefits you must be unable to perform your own occupation from the date benefits begin, and you must be under the care and treatment of a licensed physician and comply with that treatment."  *Id.*

19.     The Policy further provides, in pertinent part, as follows:  "Your short-term disability benefit reflects your years of service with the company at the time your disability begins. … 5 or more years of service[:]  **100%** of base pay for up to the first 26 weeks of disability."  *Id.* at 6 (emphasis in original).

20.     The Policy's short-term disability insurance benefits exclusions are set forth on page ten of same (*see* Ex. A at 10) and the circumstances of El-Hashimy's medical conditions and related short-term disability insurance claim triggered none of these exclusions.  To the contrary, the circumstances of El-Hashimy's medical conditions (again, as more than adequately evidenced by the medical record) comfortably satisfy the Policy's coverage grants sent forth in paragraphs 17 and 18 above.

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 201, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

21.     MetLife's January 31, 2017, final claim decision letter contends that "the medical documentation did not support a severity of impairment preventing you from your functional job duties."  Although this is a false statement about the medical documentation, the Policy (Ex. A) also does not have language regarding "severity of impairment" or "functional job duties." MetLife's basing its final claim decision on non-existent contract language (not to mention, incorrect factual "predicate") is both a breach of contract and a misrepresentation of Policy language.

22.     MetLife's January 31, 2017, final claim decision letter properly acknowledges that El-Hashimy experienced her reported conditions, but improperly (again, based on non-existent Policy language) decided that such conditions did not functionally limit her in performing the essential duties of her occupation.

23.     At all material times, the Policy was in full force and effect and was a binding contract under ERISA.

24.     At all material times, Policy premiums were current.

25.     El-Hashimy's short-term disability (as plainly evidenced by, for example, the medical record and / or the opinions of treating physicians actually familiar with her and her conditions, not the opinions of paper-reviewing physicians paid by the carrier to aid it in denying her benefits) has satisfied the above-cited Policy provisions (paragraphs 17 and 18 above) and triggered no Policy exclusions.

26.     The physical and mental ailments and symptoms combined with the cognitive and physical side-effects of El-Hashimy's medications, combined with the time expended attending medical examinations and treatments, prevented El-Hashimy from engaging in her occupation since date of disability onset (July 2016) through several months thereafter.

**MERLIN LAW GROUP, PA**
125 Half Mile Road
Suite 201, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

T1854624.DOCX;1                                        5

27.     El-Hashimy's conditions and associated decreased (nonexistent, actually) income for a period of time following the July 2016 short-term disability onset should have generated full payment of short-term disability benefits under the Policy.  Instead, MetLife wrongly refused to indemnify El-Hashimy.

28.     It is not yet clear from whose (*i.e.*, MetLife, Novartis, the Plan, or some combination thereof) coffers claim benefits should be derived.

29.     El-Hashimy's legal counsel sent a May 3, 2017, letter to MetLife, which read, in pertinent part, as follows:

> Please promptly provide me with a complete copy of the entire administrative record (*i.e.*, claim and appeal files).  The administrative record should include, but not necessarily be limited to, the following:  **(1)** Complete, certified disability insurance plan documents (sometimes called a policy, summary plan description, benefits booklet, coverage certificate) in effect from the date of disability onset through the present, **(2)** All documents supportive of the carrier's claim denial, **(3)** All documents supportive of the carrier's ratification of claim denial on appeal(s), **(4)** Any manuals, guidelines, written protocol, or the like interpreting the policy / plan language upon which the carrier's claim / appeal(s) denial was premised, in whole or in part, **(5)** All documents (*e.g.*, reports, scholarly articles, medical treatises, records) that the carrier relied upon, in whole or in part, in denying the claim / appeals, **(6)** Contact information for any medical professionals whose services were enlisted by the carrier in assessing the subject claim / appeal(s) and / or Dr. El-Hashimy, all documents generated by such professionals relating to the subject claim / appeal(s) and / or Dr. El-Hashimy, and all correspondence exchanged between the carrier and any such professionals relating to the subject claim / appeal(s) and / or Dr. El-Hashimy, **(7)** Contact information for any vocational / occupational professionals whose services were enlisted by the carrier in assessing the subject claim / appeal(s) and / or Dr. El-Hashimy, all documents generated by such professionals relating to the subject claim / appeal(s) and / or Dr. El-Hashimy, and all correspondence exchanged between the carrier and any such professionals relating to the subject claim / appeal(s) and / or Dr. El-Hashimy, **(8)** All correspondence and / or documents exchanged between the carrier and Dr. El-Hashimy's medical providers regarding the subject claim / appeal(s) and / or Dr. El-Hashimy, **(9)** All correspondence and / or documents exchanged between the carrier and Dr. El-Hashimy regarding the subject claim / appeal(s), **(10)** All correspondence and / or documents exchanged between the carrier and Dr. El-Hashimy's employer regarding the subject claim / appeal(s) and / or Dr. El-Hashimy, **(11)** All correspondence and / or documents exchanged between the carrier and anybody else regarding the subject claim / appeal(s) (less attorney-client

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 201, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

privileged correspondence and documentation, of course), **(12)** Copies of all recorded statements taken by the carrier in relation to the subject claim / appeal(s), **(13)** Transcripts of phone calls between the carrier and anybody regarding the subject claim / appeal(s) (less attorney-client privileged transcripts, of course), and **(14)** Claim / appeal(s) activity journal(s), diary(ies), log(s), or the like.

If for some reason MetLife does not possess these documents, please promptly advise me as to who has such documents (*e.g.*, Novartis) and also promptly forward a copy of this letter to that person or entity so that my above documentation / information requests can be promptly obliged. Equipped with the above documentation / information, we will be in a better position to assess next step (*e.g.*, more letter writing, more appeals, external review, litigation).

30.     By letter dated May 30, 2017, MetLife largely shirked its administrative record production responsibilities and punted to Novartis.

31.     Although MetLife's punting was not entirely (if at all) appropriate, El-Hashimy's legal counsel went with the flow by sending a letter to Novartis on December 5, 2017, that read, in pertinent part, as follows:

Please be advised that Merlin Law Group represents the interests of Dr. Mona El-Hashimy with respect to the denial of her short-term disability insurance claim. Enclosed please find a copy of my May 3, 2017, letter to MetLife and a copy of MetLife's May 30, 2017, reply letter to me.

MetLife's record production certainly did not fully satisfy the document requests set forth in my May 3, 2017, letter. And, indeed, as you can see from MetLife's May 30, 2017, letter, the carrier referred us to Novartis for various documents rather than forwarding a copy of my May 3, 2017, letter to Novartis as my letter requested. Please promptly provide me with the subject administrative record, which should include, but not necessarily be limited to, the documentation / information set forth in my May 3, 2017, letter to MetLife and also the documents set forth in the summary plan description (*e.g.*, "administrative services contract with MetLife," "latest annual report (Form 5500 Series)," "annual financial report," and "summary annual report").

Moreover, please advise as to who is responsible for paying the short-term disability insurance benefits. The summary plan description is not entirely clear on that, in my opinion. Are short-term disability insurance benefits paid by MetLife or by Novartis? Also, please advise as to whether Novartis had any involvement with claim denial and / or appeal denial. The answers to these inquiries would influence, in part, whether or not Novartis would have to be a co-defendant in prospective litigation.

**MERLIN LAW GROUP, PA**
125 Half Mile Road
Suite 201, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

T1854624.DOCX;1                                          7

32.  No response from Novartis, so El-Hashimy's counsel sent another letter to Novartis on January 30, 2018, that read, in pertinent part, as follows:

> Almost two months have passed since my December 5, 2017, letter, without response from Novartis.  For ease of reference, a copy of my December 5, 2017, letter is enclosed.

> Please remain cognizant of the $110.00 / day penalty (starting on the thirty-first day after the December 5, 2017, letter) for failure to timely oblige documentation / information requests applicable to any policy or plan subject to ERISA pursuant to Title 29, United States Code, Sec. 1024(B), Title 29, United States Code, Sec. 1132(c)(1), and Title 29 Code of Federal Regulations Sec. 2575.502c-1.  Again, the pending documentation / information requests are set forth in my enclosed December 5, 2017, letter and also the May 3, 2017, letter enclosed with and incorporated into my December 5, 2017, letter.

### COUNT I (AGAINST METLIFE, NOVARTIS, AND THE PLAN) – RECOVERY OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132(A)(1)(B)

33.    El-Hashimy re-alleges Paragraphs 1 through 32 as if fully set forth herein.

34.    This is a claim to recover benefits and enforce rights under 29 U.S.C. § 1132(a)(1)(B).

35.    Pursuant to 29 U.S.C. § 1132(a)(1)(B), El-Hashimy, as a participant in the Plan and an insured under the Policy, is entitled to sue for judicial determination and enforcement of benefits.

36.    MetLife improperly denied El-Hashimy's claim (Claim No. 331607258865) for short-term disability insurance benefits (which such benefits may be funded by Novartis and / or the Plan, in whole or in part) to which she is entitled under the Plan, in contravention of the Plan documents (*e.g.*, Policy), ERISA, and / or equity.

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 201, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

37.     El-Hashimy has no other adequate remedy at law to address the injuries she has suffered as a result of MetLife's denial of benefits (which such benefits may be funded by Novartis and / or the Plan, in whole or in part).

38.     As a further result of MetLife's refusal to provide benefits (which such benefits may be funded by Novartis and / or the Plan, in whole or in part), El-Hashimy has been forced to retain legal counsel to represent her in this matter and, therefore, is entitled to recover their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

WHEREFORE, Plaintiff, Dr. Mona El-Hashimy, requests the entry of judgment against Defendants, Metropolitan Life Insurance Company, Novartis Corporation, and Novartis Corporation Welfare Benefits Plan, for damages including, but not limited to, past-due contractual benefits, attorneys' fees pursuant to Title 29, United State Code, Section 1132(g)(1), costs incurred bringing this action, and for such other relief as this Court deems equitable, just and proper.

**COUNT II (AGAINST METLIFE, NOVARTIS, AND THE PLAN) – RECOVERY OF ADMINISTRATIVE PENALTY UNDER ERISA, 29 U.S.C. § 1024(B), 29 U.S.C. § 1132(c)(1) AND 29 C.F.R. § 2575.502c-1**

39.     El-Hashimy re-alleges Paragraphs 1 through 32 as if fully set forth herein.

40.     This is a claim for administrative penalty under Title 29, United States Code, Section 1132(c)(1), Title 29, United States Code, Section 1024(b), and Title 29, Code of Federal Regulations, Section 2575.502c-1.

41.     By letters dated May 3, 2017, December 5, 2017, and January 30, 2018 (*see* ¶¶ 29, 31-32, *supra*), El-Hashimy (*via* legal counsel) asked Defendants to provide the administrative record and / or "any information" contemplated by 29 U.S.C. §1132(c)(1).

42.     MetLife was / is the claim administrator and / or a Plan administrator (directly or *de facto*) and accordingly was obligated to undertake the administrative record and "any

MERLIN LAW GROUP, PA
125 Half Mile Road
Suite 201, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

information" request production – it did not, and instead pushed the administrative record and "any information" request onto Novartis and / or the Plan. *See* ¶ 30.

43.     Novartis and / or the Plan was / is a Plan administrator and accordingly were obligated to undertake the administrative record and "any information" request production – they have not even responded to El-Hashimy's administrative record and "any information" request for nearly two months as of the filing of this complaint.

44.     Per the above-cited United States Code and Code of Federal Regulations, the $110.00 / day administrative penalty started accruing June 5, 2017, as it pertains to MetLife and January 5, 2018, as it pertains to Novartis and / or the Plan.  240 days have passed from June 5, 2017, to the date of this complaint without MetLife's full satisfaction of the administrative record and / or "any information" requests embedded in El-Hashimy's May 3, 2017, letter.  So, as of the date of this complaint, the $110.00 / day administrative penalty totals $26,400.00.  26 days have passed from January 5, 2018, to the date of this complaint without Novartis' and / or the Plan's satisfaction of the administrative record and / or "any information" requests embedded in El-Hashimy's December 5, 2017, letter.  So, as of the date of this complaint, the $110.00 / day administrative penalty totals $2,860.00.  Of course, the $110.00 / day penalty will continue to accrue every day following the date of this complaint up to and including whenever (if ever) Defendants oblige the germane documentation / information requests in the May 3, 2017, December 5, 2017, and January 30, 2018, letters cited above.

WHEREFORE, Plaintiff, Dr. Mona El-Hashimy, requests the entry of judgment against the Defendants, Metropolitan Life Insurance Company, Novartis Corporation, and Novartis Corporation Welfare Benefits Plan, for damages including, but not limited to, penalties incurred by Defendants pursuant to Title 29, United States Code, Section 1132(c)(1), Title 29, United States

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 201, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

Code, Section 1024(b), and Title 29, Code of Federal Regulations, Section 2575.502c-1, attorneys'

fees pursuant to Title 29, United States Code, Section 1132(g)(1) and costs incurred bringing this

action, and for such other relief as this Court deems equitable, just, and / or proper.

Dated: January 31, 2018

<strong>MERLIN LAW GROUP, P.A.</strong>

By: **/s/ *Charles R. Mathis IV***
**Charles R. Mathis IV, Esq.**
NJ Bar I.D. No.:  060872013
**Robert T. Trautmann, Esq.**
NJ Bar I.D. No.: 037562005
125 Half Mile Road, Suite 201
Red Bank, New Jersey 07701
732-704-4647
732-704-4651 (Fax)
cmathis@merlinlawgroup.com
rtrautmann@merlinlawgroup.com
*Attorneys for Plaintiff*

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 201, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

T1854624.DOCX;1                                11